**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4409**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODRICKA JERMAINE GAMBRELL,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (6:06-cr-01094-GRA-2)

Submitted: October 18, 2007        Decided: October 23, 2007

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Bradley Bennett, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant. Maxwell Barnes Cauthen, III, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodricka Jermaine Gambrell pled guilty without a plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). Under the Armed Career Criminal Act, 18 U.S.C. § 924(e), Gambrell was sentenced to the statutory mandatory minimum of 180 months' imprisonment, plus five years of supervised release. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal, but asserting the district court erred by imposing the 180-month sentence. Gambrell filed a pro se supplemental brief in which he contends the district court improperly designated him an armed career criminal and treated the Guidelines as mandatory rather than as advisory. For the reasons set forth below, we reject Gambrell's arguments and affirm.

Although Gambrell ascribes error to his fifteen-year sentence, the district court had no discretion to depart from the mandatory minimum sentence under 18 U.S.C. § 924(e). See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). Further, Gambrell's contention that the district court improperly designated him an armed career criminal fails because Gambrell had three prior convictions for violent felony offenses. There is no temporal restriction on prior felony offenses for purposes of the Armed Career Criminal Act. See United States v. Presley, 52 F.3d 64, 69-

70 (4th Cir. 1995); U.S. Sentencing Guidelines Manual, § 4B1.4 cmt. n.1 (2006). Thus, despite Gambrell's protestations to the contrary, the fact that these convictions are more than fifteen years old is of no legal significance. Lastly, we reject Gambrell's argument that the district court treated the Guidelines as mandatory rather than as advisory;[*] there is simply no evidence in the record to support this contention.

Pursuant to Anders, we have examined the entire record and found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Gambrell requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gambrell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Gambrell was sentenced over two years after United States v. Booker, 543 U.S. 220 (2005), issued.